COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __Nunez_____ __Joel_____ _____
       (Last)                    (First)                  (Middle)

Prisoner Number: __K-63350_____

Institutional Address: __California Training Facility - P.O. Box 689 - Soledad,__
__California 93960-0689__

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Joel Nunez,
(Enter your full name.)

vs.

D. Bright, Prison Doctor,
P. Lam, Prison Doctor,
T. Friederichs, Prison Doctor,

(Enter the full name(s) of the defendant(s) in this action.)

Case No. CV 17 2034
(Leave blank; to be provided by Clerk of Court)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983

## I. Exhaustion of Administrative Remedies.

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement __CTF-P.O. Box 689-Soledad, CA 93960-0689__

B. Is there a grievance procedure in this institution?    YES ☐    NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?    YES ☒    NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

　　1. Informal appeal: __Informal Level Repealed. No CDCR 22 Form Required__

COMPLAINT Page 1 of 4

2. First formal level: Appeal Nos. CTF-S-00497, CTF-S-1600830, CTF-SC-16000568, CTF-HC-1604309, CTF-HC-16044285 Were All Presented at the First Level. These Appeal Were Denied (See ¶ 7-43 Attached.)

3. Second formal level: Appeal Nos. 00497, 1600830, 16000568, 1604309 and 16044285 Were All Presented at the Second Level. These Appeals Were Denied. (See ¶ 7-43 Attached.)

4. Third formal level: Appeal Nos. 00497, 1600830, 16000568, 1604309, and 16044285 Were All Presented at the Third Level. These Appeals Were Denied. (See ¶ 7-43 Attached.)

E. Is the last level to which you appealed the highest level of appeal available to you?

   YES ☒   NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.
Not Applicable

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.
Joel Nunez, CDCR# K-63350 (PLAINTIFF); D. Bright (DEFENDANT), P. Lam (DEFENDANT), and T. Friederichs (DEFENDANT) may be served at: Highway 101 North -- California Training Facility -- Soledad, CA 93960-0689

B. For each defendant, provide full name, official position and place of employment.
D. Bright, Prison Doctor employed with the California Department of Corrections and Rehabilitation ("CDCR"), P. Lam, Prison Doctor employed with CDCR, T. Friederichs, Prison Doctor employed with the CDCR.

COMPLAINT *Page 2 of 4*

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

Pursuant to Rule 4.551(a)(2) of the California Rules of Court, PLAINTIFF respectfully request that this Court apply a "less stringent" analysis and grant him leave to depart slightly from the intended use of this Complaint-Form and allow him to include the Factual Allegations and Counts relevant to his claims in a single and more comprehensive traditional format (attached herewith), which will assist him in clarifying his pleadings and series of events in a chronological order. (See also Penal Code §§ 1473, 1474, and 1495.) PLAINTIFF was also compelled to seek the assistance of a fellow prisoner (William Milton, CDCR p-38650), who is also a layperson and unskilled at law, in drafting and presenting these claims raised herein. (Page 15)

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

PLAINTIFF requests Declaratory and Injunctive Relief. PLAINTIFF also rerquests Compensatory, Exemplary, Mental Anguish, Nominal, Punitive, Economic, Medical Related, and Other Damages including Appointment of Counsel. (See Pages 14-16.)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this 25 day of MARCH, 2017

_Joel Nunez_
(Plaintiff's signature)

*Please continue to the next page.*

COMPLAINT *Page 3 of 4*

## MAGISTRATE JUDGE JURISDICTION

Please indicate below by checking **one** of the two boxes whether you choose to consent or decline to consent to magistrate judge jurisdiction in this matter. Sign this form below your selection.

☒ **Consent to Magistrate Judge Jurisdiction**

In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

**OR**

☐ **Decline Magistrate Judge Jurisdiction**

In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

Signed this 25 day of MARCH, 20 17

_Joel Nuñez_
(Plaintiff's signature)

COMPLAINT *Page 4 of 4*

Joel Nunez, CDCR# K-63350
CTF – Soledad State Prison
P.O. Box 689
Soledad, CA 93960-0689

Plaintiff, Pro se

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOEL NUNEZ,**<br><br>　　Plaintiff,<br><br>v.<br><br>**D. BRIGHT,** Prison Doctor Employed with the California Department of Corrections and Rehabilitation, in his Individual and Official Capacities;<br><br>**P. LAM,** Prison Doctor Employed with the California Department of Corrections and Rehabilitation, in his Individual and Official Capacities;<br><br>**T. FRIEDERICHS,** Prison Doctor Employed with the California Department of Corrections and Rehabilitation, in his Individual and Official Capacities,<br><br>–　Defendants. | Case No.<br><br><br><br><br>**COMPLAINT**<br><br>Violation of 42 U.S.C. §1983<br><br>[Jury Trial Demand] |

1

# I.

# JURISDICTION

1. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331, 1343 and 1367. The individual defendants are the persons who violated Plaintiff's State and Federal Constitutional rights. Deliberately refusing to provide a prisoner with the appropriate accommodations consistent with his age, health history, and current physical condition—which directly led to him losing a finger constitutes an Eighth Amendment violation and deprives Plaintiff of federally guaranteed rights under color of law in contravention of Title 42 U.S.C. § 1983. Plaintiff also seeks declaratory judgment pursuant to 28 U.S.C. § 2201.

# II.

# VENUE

2. Venue is properly in this Court pursuant to Title 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

# III.

# PARTIES

3. Plaintiff, Joel Nunez (hereinafter, "PLAINTIFF"), was at all times relevant to this action a prisoner confined in the California Department of Corrections and Rehabilitation ("CDCR"), and is currently confined at the California Training Facility ("CTF"), in Soledad, California.

4. Defendant D. Bright (hereinafter, "BRIGHT'), was at all times relevant to this action the Chief Prison Doctor employed with the CDCR and was a state actor (acting under color of law). BRIGHT is legally responsible

for ensuring compliance with both state and federal law. BRIGHT knowingly, unlawfully, and with the specific intent violated PLAINTIFF'S State and Federal Constitutional rights by conspiring and acting in concert with other state actors in denying PLAINTIFF needed Accommodation and/or Informational Chronos causing him to lose his finger by compelling him to climb onto an upper bunk, as well as acted in concert with other state actors including the named-defendants to cover up said deliberate indifference. BRIGHT is personally responsible for the physical, psychological and Constitutional injuries sustained. BRIGHT is being sued in his individual and official capacities.

    5. Defendant P. Lam (hereinafter, "LAM"), was at all times relevant to this action a Prison Doctor employed with the CDCR and was a state actor (acting under color of law). LAM is legally responsible for ensuring compliance with both state and federal law. LAM knowingly, unlawfully, and with the specific intent violated PLAINTIFF'S State and Federal Constitutional rights by conspiring and acting in concert with other state actors in denying PLAINTIFF needed Accommodation and/or Informational Chronos causing him to lose his finger by compelling him to climb onto an upper bunk, as well as acted in concert with other state actors including the named-defendants to cover up said deliberate indifference. LAM is personally responsible for the physical, psychological and Constitutional injuries sustained. LAM is being sued in his individual and official capacities.

    6. Defendant T. Friederichs (hereinafter, "FRIEDERICHS"), was at all times relevant to this action a Prison Doctor employed with the CDCR and was a state actor (acting under color of law). FRIEDERICHS is legally responsible for ensuring compliance with both state and federal law.

FRIEDERICHS knowingly, unlawfully, and with the specific intent violated PLAINTIFF'S State and Federal Constitutional rights by conspiring and acting in concert with other state actors in denying PLAINTIFF needed Accommodation and/or Informational Chronos causing him to lose his finger by compelling him to climb onto an upper bunk, as well as acted in concert with other state actors including the named-defendants to cover up said deliberate indifference. FRIEDERICHS is personally responsible for the physical, psychological and Constitutional injuries sustained. FRIEDERICHS is being sued in his individual and official capacities.

## IV.

## FACTUAL ALLEGATIONS

7. PLAINTIFF incorporates the information and facts of paragraphs 1 through 6 as though they were stated fully herein.

8. Prison health care personnel including the named-Defendants were well aware of PLAINTIFF'S deteriorating health for years.

9. Medical documentation dating as far back as 2002 clearly showed that PLAINTIFF has been experiencing severe deterioration and pain in his knees and lower back, e.g., see Health Care Services Request Forms [CDC 7362s] (Exhibits A1-A19), Health Care Services Physician Request for Services Forms [CDC 7243] (Exhibits A20-49), Encounter Forms [CDC XXXX] (Exhibits A50-A62), Primary Care Provider Progress Notes [CDCR 7230-M] (Exhibits A63-A94), Radiology Reports (Exhibits A95-A108), and Medical Consultation Reports (Exhibits A109-A112).

10. PLAINTIFF'S records demonstrates that his physical condition continued to deteriorate affecting his ability to walk long distances without stopping, sleep, bend, stoop, or climb onto his assigned bunk.

11. On various occasions, PLAINTIFF had requested a specific reasonable accommodation, to wit, a lower bunk chrono[1] because he was having great difficulties climbing onto and off his assigned bunk (an upper level bunk).

12. However, prison officials including defendants LAM, FRIEDERICHS, and BRIGHT routinely disregarded PLAINTIFF'S requests.

13. Both LAM and FRIEDERICHS made light of the fact that PLAINTIFF needed a lower bunk chrono (made jokes) making statements such as: *"You have to fall and break something before you can get a lower bunk chrono..."* And, *"They don't give lower bunk chronos here...."*

14. LAM also informed PLAINTIFF of the following, *"Even if I give you a lower bunk chrono, the Chief Physician [Defendant BRIGHT] will disapprove it...."*

15. As a result, PLAINTIFF was compelled to continue climbing up and down his assigned upper level bunk despite his physical limitations—and despite the fact that there are no handles or rods for which prisoners may hold on to while climbing.

16. On January 28, 2016, while attempting to climb onto his assigned upper level bunk, PLAINTIFF lost his footing and fell onto the ground. His left index finger was wedged in between a makeshift stabilizing metal bar

---

[1] A "chrono" is an official document utilized by the CDCR for, but not limited to: noting a prisoner's physical limitations that is subsequently placed in his or her central file (C-File). The medical information contained in the chrono for example, will prevent a prisoner from being assigned to an upper level bunk or assigned a particular job assignment, when the prisoner's physical limitations prevents him or her from safely climbing onto a bunk or performing his or her job assignment effectively.

built *underneath* the metal bunk that extends from the cement wall to the underside end of the metal bunk—coming to an acute right angle as demonstrated in Figure No. 1 below. PLAINTIFF'S left index finger was ripped completely off.[2]

17.

Figure No. 1



18. On February 24, 2016 PLAINTIFF filed a Patient-Inmate Health Care Appeal ("CDCR 602-HC"), alleging that the named Defendants were and continue to be deliberately indifferent to his health and safety that ultimately caused the loss of his finger (CTF-HC-1604309 ["1604309"]). (Exhibit B1.)

19. On February 25, 2016, PLAINTIFF filed an administrative appeal ("CDCR 602") accusing prison officials (CTF, the Warden, Correctional Officers, CTF Maintenance, and Plant Manager) of failing to correct an obvious design flaw which caused PLAINTIFF to lose his finger attempting to climb atop of an upper bunk (CTF-S-16-00497 ["1600497"]). (Exhibits C1-C2.)

---

[2] It should be noted that there is absolutely no built-in handles or grab-bars for which prisoners to grab onto when climbing atop an upper level bunk. They're compelled to grab the stabilizing bar built underneath the upper bunks while simultaneously pulling themselves forward and upward in order to get atop the upper level bunks. All makeshift upper level bunks at CTF are designed as indicated in Figure No. 1.

6

20. On April 8, 2016, a first level review (FLR) response for Appeal No. 1604309 was issued. FRIEDERICHS denied and/or signed off on Appeal No. 1604309. (Exhibits B3-B4.)

21. On April 20, 2016, PLAINTIFF filed a Reasonable Modification or Accommodation Request ("CDCR 1824") requesting that he be assigned to a job assignment because he was not able to properly utilize his left hand, and that he be provided a prosthetic finger (CTF-S-1600830 ["1600830"]). (Exhibit D1.)

22. On April 22, 2016, a SLR response was authored denying Appeal No. 1600497. (Exhibits C5-C6.)

23. On April 27, 2016, PLAINTIFF moved for SLR response in Appeal No. 16043409. (Exhibit B2.)

24. On April 28, 2016, a Reasonable Accommodation Panel ("RAP") response was authored by prison officials including BRIGHT denying his reasonable accommodation request for a job change and prosthetic finger. BRIGHT denied and/or signed off on the RAP response. (Exhibit D2.)

25. On May 2, 2016, PLAINTIFF moved for a Director's level review ("DLR") response in Appeal No. 1600497. (Exhibit C2.)

26. On May 17, 2016, PLAINTIFF filed a CDCR 602-HC (CTF-SC-16000568 ["16000568']) alleging that prison officials including the named-Defendants of deliberate indifference in medical care. PLAINTIFF grieved the following issues: (1) an inability to perform daily activities; (2) prison officials' refusal to treat him for the ongoing pain in his severed finger; (3) prison officials' failure to provide him the a prosthetic finger; and, (4) prison officials' failure to schedule him to see a specialist. (Exhibits E1-E2.)

27. On May 27, 2016, a SLR response was authored denying PLAINTIFF'S request for monetary compensation for the loss of his finger

as a result of said deliberate indifference in Appeal No. 16043409. (Exhibits B5-B6.)

28. On June 4, 2016, PLAINTIFF moved for DLR response in Appeal No. 16043409. (Exhibit B2.)

29. That same day (June 4, 2016), filed another CDCR 1824 (CTF-S-16-01235 ["1601235"]) placing prison officials including the named-Defendants on notice that he is unable to perform his work duties properly because he experiences pain in his hand and other areas of his body, and that he disagrees with the April 28, 2016 RAP response. (Exhibit D3.)

30. On June 16, 2016, BRIGHT denied PLAINTIFF'S appeal (Appeal No. 16000568) at the second level. (Exhibits E4-E5.)

31. That same day (June 16, 2016), a RAP response for Appeal No. 1601235 was authored indicating that prison officials including BRIGHT denied PLAINTIFF'S reasonable request to be removed from his current job assignment. BRIGHT denied and/or signed off on Appeal No. 1601235. (Exhibit D4.)

32. On June 30, 2016, PLAINTIFF filed a CDCR 602-HC challenging the June 16, 2016 RAP decision (CTF-HC-16044285 ["16044285"]) accusing prison officials including BRIGHT of being deliberately indifferent to his pain and suffering, (Exhibit D5.)

33. That same day (June 30, 2016), PLAINTIFF moved for DLR response in Appeal 16000568. (Exhibit E2.)

34. On July 17, 2016, a DLR response was authored denying Appeal No. 1600497. (Exhibits C7-C8.)

35. On July 20, 2016, a first level review ("FLR") response was authored in Appeal No. 16044285 by prison officials denying PLAINTIFF'S request to be removed from his current jog assignment. (Exhibits D9-D10.)

36. On August 25, 2016, PLAINTIFF moved for SLR response in Appeal No. 16044285/1601235. (Exhibits D11.)

37. On September 1, 2016, a DLR response for Appeal No. 16043409 was authored denying PLAINTIFF'S request for monetary compensation for the injuries caused by the named-Defendants' deliberate indifference. (Exhibits B7-B8.)

38. On September 28, 2016, a SLR response was authored for Appeal No. 16044285 denying PLAINTIFF'S request for the RAP panel to reconsider its determinations, and to be removed from his current job assignment. (Exhibits D13-D14.)

39. That same day (September 28, 2016), a DLR response for Appeal No. 16000568 was authored dismissing all of PLAINTIFF'S requests and concerns. (Exhibits E6-E7.)

40. On October 6, 2016, PLAINTIFF moved for a DLR response in Appeal No. 16044285. (Exhibit D11.)

41. On January 10, 2017, DLR response had been authored denying Appeal No. 16044285. (Exhibits D15-D19.)

42. The named-Defendants knew well of the designs of the upper level bunks at CTF. They are, as prison doctors, made aware of the facility's designs, walkways, and routes—particularly when it pertains to prisoner access. They approve or deny requests for lower bunk or lower tier (no stairs) chronos based on these factors.

43. Each of the named-Defendants sought to mitigate PLAINTIFF'S injuries by failing to remove him from his current job assignment (as though his finger being ripped off was not that bad), and by refusing to provide him with a prosthetic finger. The named-Defendants' actions were and continue

9

to be wanton, reckless, deliberate, and a total disregard for the rights of PLAINTIFF and prisoners similarly situated.

# V.

# CAUSES OF ACTION

## Count 1

Defendants BRIGHT, LAM, and FRIEDERICHS Were Deliberately Indifferent to PLAINTIFF'S Physical Condition and Disregarded Substantial Risks to His Health and Safety that Ultimately Caused the Loss of His Left Index Finger.

44. PLAINTIFF incorporates the allegations and claims of paragraphs 1 through 43 as though they were stated fully herein.

45. The named-Defendants were very much aware of PLAINTIFF'S deteriorating physical condition.

46. PLAINTIFF'S medical records were available for review and reviewed by each of the named-Defendants. Medical documentation dating as far back as 2002 clearly showed that PLAINTIFF has been *experiencing severe deterioration and pain in his knees and lower back*, e.g., see Health Care Services Request Forms [CDC 7362s] (Exhibits A1-A19), Health Care Services Physician Request for Services Forms [CDC 7243] (Exhibits A20-49), Encounter Forms [CDC XXXX] (Exhibits A50-A62), Primary Care Provider Progress Notes [CDCR 7230-M] (Exhibits A63-A94), Radiology Reports (Exhibits A95-A108), and Medical Consultation Reports (Exhibits A109-A112). (¶ 9.)

47. Both LAM and FRIEDERICHS refused to provide PLAINTIFF with a lower bunk chrono as well as made light of the fact that PLAINTIFF needed a lower bunk chrono (made jokes) with statements such as: *"You have to fall and break something before you can get a lower bunk chrono..."* And, *"They don't give lower bunk chronos here...."* LAM also informed PLAINTIFF, *"Even if I give you a lower bunk chrono, the Chief Physician [Defendant BRIGHT] will disapprove it...."* (¶ 10-14.)

48. The named-Defendants knew well of the designs of the upper level bunks at CTF. They are, as prison doctors, made aware of the facility's designs, walkways, and routes—particularly when it pertains to prisoner access. They are authorized to approve or deny requests for lower bunk or lower tier (no stairs) chronos based upon these designs and the prisoner's physical condition. (¶ 11, 42-43.)

## Count 2

Defendants BRIGHT, LAM, and FRIEDERICHS Were Deliberately Indifferent to PLAINTIFF'S Physical Condition and Disregarded Substantial Risks to His Health and Safety When They Continuously Denied His Requests for a Job Assignment Change Causing Him Additional Pain and Suffering.

49. PLAINTIFF incorporates the allegations and claims of paragraphs 1 through 48 as though they were stated fully herein.

50. At every turn, the named-Defendants: (1) refused to medically unassign PLAINTIFF; (2) refused to reassign PLAINTIFF to a job position

11

that will not require the use of his left hand; and/or, (3) signed off on a decision that refuses to medically unassign or reassign PLAINTIFF to a job position that will not require the use of his left hand.

51. BRIGHT sat on committees and signed off on decisions denying PLAINTIFF'S reasonable request to be reassigned to a job assignment that will not require the use of his left hand.

52. BRIGHT sat on committees and signed off on decisions denying PLAINTIFF'S reasonable requests to be medically unassigned due to the loss of his finger and the excruciating pain caused by the use of his left hand.

53. BRIGHT signed off on LAM and FRIEDERICHS' formal responses to PLAINTIFF'S grievances denying him a prosthetic finger.

54. BRIGHT, LAM, and FRIEDERICHS sat on committees and signed off on decisions denying PLAINTIFF'S request to be reassigned because he is experiencing excruciating pain in his left hand and other parts of his body—because he is compelled to use his left hand, and/or, outright denied PLAINTIFF'S requests personally.

55. Time and again the named-Defendants saw to it that each and every one of PLAINTIFF'S claims and reasonable requests were stifled and denied. They improperly responded to or sat on committees adjudicating complaints that had been made against themselves or the other named-Defendants.

56. Each of the named-Defendants sought to mitigate PLAINTIFF'S injuries by failing to remove him from his current job assignment (as though his finger being ripped off was not that bad), and by refusing to provide him with a prosthetic finger.

## Count 3

Defendants BRIGHT, LAM, and FRIEDERICHS Were Deliberately Indifferent to PLAINTIFF'S Physical Condition and Disregarded Substantial Risks to His Health and Safety When They Continuously Denied His Request for a Prosthetic Finger.

57. PLAINTIFF incorporates the allegations and claims of paragraphs 1 through 56 as though they were stated fully herein.

58. Each of the named-Defendants refused to provide PLAINTIFF with a prosthetic finger. LAM even joked about it.

59. PLAINTIFF cannot properly function with his left index finger. He cannot grip objects or use his hand as he once could.

60. Even if a prosthetic finger is considered cosmetic by prison officials (which it is not), PLAINTIFF is entitled to it based on the fact that his finger was ripped off as a direct result of the named-Defendants' deliberate indifference as described above.

## VI.

## ADMINISTRATIVE EXHAUSTION

61. PLAINTIFF incorporates the allegations and claims of paragraphs 1 through 60 as though they were stated fully herein.

62. Except for administrative grievances, other complaints, and notifications prison officials deliberately refuse to respond to as part of their subterfuge (*Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010)), PLAINTIFF has exhausted available remedies up to and including the Director's level.

## VII.

## DECLARATORY RELIEF ALLEGATIONS

63. PLAINTIFF incorporate the allegations and claims of paragraphs 1 through 62 as though they were stated fully herein.

64. A present and actual controversy exist between PLAINTIFF and the herein named-Defendants concerning their rights and respective duties. PLAINTIFF alleges that the named-Defendants had violated his First, Fifth and Fourteenth Amendment rights. PLAINTIFF is informed and believes, and thereon alleges, that the named-Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

## INJUNCTIVE RELIEF ALLEGATIONS

65. PLAINTIFF incorporates the allegations and claims of paragraphs 1 through 64 as though they were stated fully herein.

66. No plain adequate or complete remedy at law is available to PLAINTIFF to address the wrongs alleged herein. If the Court does not grant the injunctive relief sought, PLAINTIFF will and continued to be irreparably harmed.

## PRAYER FOR RELIEF

1. For an order enjoining the named-Defendants from engaging in the unlawful conduct alleged in the Complaint at bar.

2. For an order granting other Injunctive Relief as may be appropriate.

3. For an order granting Declaratory Relief as may be appropriate.

4. Compensatory damages in the amount of five-hundred and fifty thousand dollars ($550,000) from each Defendant to PLAINTIFF for the physical, mental and psychological injuries sustained, and Constitutional violations.